STEVE C. MORASCH, OSB No. 924084
E-mail: stevem@landerholm.com
Landerholm, P.S.
805 Broadway Street, Suite 1000
Vancouver, WA 98660
Telephone: (360) 696-3312
Fax: (360) 696-2212
*Attorney for Plaintiff Larry Kine*

IN THE UNITED DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LARRY KINE, in his capacity as trustee of the Kine and Kine Properties 401(K) Plan and Trust, | Case No. 6:26-cv-1546 |
| Plaintiffs, | **COMPLAINT** |
| v. | **(28 USC § 1331, 42 USC § 1983, Fifth and Fourteenth Amendment)** |
| CITY OF BEND | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW Plaintiff Larry Kine, by and through undersigned counsel and, for his Complaint against Defendant City of Bend, alleges and states as follows:

### NATURE OF ACTION

1. This lawsuit seeks damages under 42 USC section 1983 for violation of the right of equal protection as guaranteed by the Fourteenth Amendment based on the difference in treatment Plaintiff received from the City of Bend, violation of the right of substantive due process as guaranteed by the Fourteenth Amendment due to the City of Bend imposing a condition of approval on Kine's development that is impossible for Kine to meet, and a claim

COMPLAINT - 1
KINL05-000001 – 9028185.2

for just compensation under the Fifth and Fourteenth Amendments based on a condition that is not roughly proportional to any impact of Kine's proposed development.

## PARTIES

2.  Plaintiff Larry Kine ("Kine" or "Plaintiff") is an individual residing in Deschutes County, Oregon.  Kine is suing in his capacity as trustee for the Kine and Kine Properties 401(K) Plan and Trust.

3.  Defendant City of Bend ("City" or "Defendant") is an Oregon municipal corporation.

## JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction because the claims for relief in this matter involve federal questions of constitutional law brought under 42 USC § 1983. Therefore, the Court has jurisdiction under 28 USC § 1331 because the claims at issue in this case arise under federal law.

5.  The Court has personal jurisdiction over Defendant City of Bend because the City of Bend is an Oregon municipal corporation.

6.  Deschutes County, Oregon is within the Eastern Division of the Oregon District Court.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Deschutes County is where the Kine property is located and where the events giving rise to Kine's claims occurred.

## FACTS PERTINENT TO ALL CLAIMS

7.  Kine is a developer who has done numerous projects in the City of Bend.  Kine's development projects include two residential subdivisions in the City known as "Bachelor View I" and "Bachelor View II" that were developed on Bachelor View Road beginning in 2021 and 2022.  At the time,  Bachelor View Road was a 15-foot-wide private road.

8.  Bachelor View I was a 3-phase, 26-lot subdivision approved in 2021 over the strenuous objections of City staff (City staff is referred to herein collectively as the "Staff").

COMPLAINT - 2
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

Staff's objections included Staff's assertion that Kine could not dedicate Bachelor View Road as a public road over the top of the private road easement, an issue Staff had not raised with a different developer who was allowed to dedicate the portion of Bachelor View Road over the top of the private road easement.

9. Staff also objected to Bachelor View I on the basis of wildfire risks and staff asserted that Section D107 of the Fire Code required a second fire access for Bachelor View I because more than 30 lots were served by Bachelor View Road. Prior to the approval of Bachelor View I, Bachelor View Road served about 29 older pre-existing homes and together with the 26 lots in Bachelor View I, there were more than 30 lots in total that were served by Bachelor View Road.

10. The Fire Marshal did not support Staff's interpretation of Section D107, and instead found that Bachelor View I was exempt from the requirement of a second fire access road because there were fewer than 30 lots proposed in the Bachelor View I subdivision. The hearings officer ultimately approved the Bachelor View I subdivision without requiring a second fire access road and the hearings officer allowed Kine to dedicate the portions of Bachelor View Road within Bachelor View I over the top of the private easement the same as other developers.

11. In 2022, Kine applied for a 4-phase, 44-lot subdivision on Bachelor View Road known as Bachelor View II. Staff raised the same issues relating to fire access as Staff had raised unsuccessfully in Bachelor View I. Since Bachelor View II created more than 30 new lots, Section D107 applied, but Section D107 includes an exception to the requirement for secondary fire access where residential fire sprinklers are installed in all dwellings. Applying the plain text of this exception, the hearings officer approved the Bachelor View II subdivision without a condition requiring a second fire access road but with a condition that all dwellings in Bachelor View II must have a residential fire sprinkler system.

COMPLAINT - 3
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

12. Subsequent to the approval of Bachelor View II, a group of neighbors sued the City for having approved Bachelor View II with a condition requiring the developer to dedicate a public road over the top of the portions of the old private road easement that passed through Bachelor View II. These neighbors asserted that amounted to an inverse condemnation of the easement.

13. In response to this lawsuit and to resolve the issues with the neighbors, Kine and Staff began discussing a statutory development agreement per the statutory process for development agreements under ORS 94.504 *et seq*. to revise Bachelor View II to reduce the number of lots to 39 and to develop the streets to rural street standards rather than the urban public street standards that had been initially approved for the subdivision. Out of a desire to help the City resolve the issues with the neighbors, Kine made a formal application with the City for the proposed statutory development agreement.

14. At the final City Council hearing on the proposed statutory development agreement, a City Councilor proposed an amendment to the agreement adding a condition requiring Kine to grant an easement to a neighboring property owner, Peter Yonan ("Yonan").

15. Yonan was an adjoining owner who desired to develop a 41-lot subdivision. Yonan's property needed access through Bachelor View II, which would have been provided with the 4th phase of Bachelor View II through the public road dedication of the roads within the Bachelor View II subdivision.

16. The newly proposed condition City Council imposed on the statutory development agreement would have required Kine to grant an easement to Yonan prior to the development of the 4th phase of Bachelor View II upon Yonan's request if and when Yonan decided to develop a subdivision.

17. Kine objected to the City's demand that Kine grant an easement to Yonan, and on that basis Kine refused to sign the statutory development agreement.

COMPLAINT - 4
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

18. The neighbors pursued their lawsuit against the City more vigorously, and Staff contacted Kine suggesting that the City would waive the condition requiring Kine to grant Yonan an easement if Kine would sign the agreement. Staff took the agreement back to City Council, who waived the condition and the statutory development agreement was executed by Kine and the City and recorded without the condition requiring Kine to grant Yonan an easement.

19. Subsequently, and without following the formal application process for statutory development agreements and without any prior notice to Kine, the City entered into a "Non-Statutory Development Agreement" with Yonan. The Non-Statutory Development Agreement states, among other things that the City ". . . agrees to exercise its power of eminent domain to acquire such rights-of-way or public easements for public use, as authorized by applicable law, over Bachelor View II property at the proposed location of SW Carolyn's Place, including approving a resolution authorizing condemnation and, if necessary, directing staff to institute an eminent domain proceeding in an appropriate court such that the [Yonan] Property has public assess and utility easements . . ." The City also committed $100,000 in taxpayer resources toward this condemnation, with Yonan agreeing to reimburse the City for the first $10,000 in costs and any costs of the condemnation in excess of $110,000.

20. Subsequently, on December 16, 2025, Kine applied for a single-phase, 42-lot subdivision known as the "Sunny Breeze" subdivision on property Kine has under contract located on Sunny Breeze Lane. Staff raised the same issues relating to fire access as Staff had raised unsuccessfully in Bachelor View I and Bachelor View II. However, the Fire Marshal disregarded the hearings officer's prior interpretation of Section D107 in those approvals and advocated for a different reading of Section D107.

21. Previously, in the Bachelor View II subdivision, the Fire Marshal read Section D107 to allow approval of a subdivision with more than 30 lots on single access road serving

COMPLAINT - 5
KINL05-000001 – 9028185.2

more than 30 existing un-sprinklered dwellings if residential fire sprinklers were installed in all dwellings in the new subdivision. In a memo dated April 27, 2026 (referred to herein as the "2026 Memo"), the Fire Marshal changed the way he wanted Section D107 to be applied and found that the exception for sprinklers applies only when all dwellings on the road have sprinklers, including dwellings in the proposed new subdivision and all pre-existing dwellings served by the same fire access road.

22. In the 2026 Memo, the Fire Marshal cited the recent 2025 Palisades Fire in Los Angles as the primary basis for changing the way he read Section D107, noting that "evacuation routes in multiple neighborhoods became completely impassable due to congestion and abandoned vehicles." The 2026 Memo went on to discuss the importance of having an unobstructed evacuation route in case of wildfire and the ineffectiveness of sprinklers in dealing with specific risks created from wildfires that originate exterior to homes.

23. Based on the Fire Marshal's recommendations in the 2026 Memo, the hearings officer imposed condition 53 on the Sunny Breeze subdivision, requiring Kine to provide a secondary fire access road. The hearing officer found that there were over 80 existing dwellings using the same access road as the proposed new 42 dwellings in the Sunny Breeze subdivision and "in this record, there is no evidence that all existing dwellings served by the same, single access road contain sprinkler systems."

24. The hearing officer's findings were based in part on the Staff testimony in the Staff Recommendation to the Hearings Officer in Sunny Breeze (the "Staff Recommendation") that relied on an existing condition not caused by the Sunny Breeze subdivision to change the way the City applied Section D107. On page 25 of the Staff Recommendation, Staff testified that "The firefighters cannot enter into a development to fight a fire if the single access road is clogged by other residents, also served by the signal access road, attempting to flee. This is true even if all the new dwelling units accessed by

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

the single fire access road are equipped with sprinklers.  The safety hazard of a single access road is not mitigated by sprinklers in the additional units, if existing units served by the single access road are not also sprinklered."

25. Staff further testified on page 25 of the Staff Recommendation that "There are approximately 85 dwelling units, the occupants of which must reach the area of the intersection of McClellan Road and Woodriver Drive/Sunny Breeze Lane before reaching a secondary fire access road, by having an option to exit the area by travelling either east to Brookswood Boulevard or north in an indirect route to Alderwood Circle and SW Reed Marked Road.  Of these approximately 85 dwelling units, approximately 36 dwelling units are presently accessed by a single access road south of the intersection of SW McClellan Lane and Sunny Breeze Lane, which leads to the McClellan Road and Woodriver Drive intersection.  In either case, more than 30 units are currently accessed by a single access that provides fire apparatus access road.  The existing condition of having at least 36 and up to 85 existing dwellings without a secondary fire apparatus access road exceeds the maximum number of dwelling units allowed with one approved fire apparatus access road as required by the 2025 Oregon Fire Code (OFC) Section D107.1."

26. The City has expressly found that, under its current interpretation of Oregon Fire Code Section D107, the existing 36 to 85 dwellings served by Sunny Breeze Lane lack the required secondary fire access and therefore constitute an existing public safety hazard. The City further found that this unsafe condition existed before Plaintiff submitted the Sunny Breeze application and expressly characterized it as an "existing condition" in the Staff Recommendation. Despite identifying this preexisting safety hazard, the City has taken no action to protect the residents of these existing homes by acquiring a secondary fire access or otherwise remedying the existing unsafe condition. Accordingly, the need for secondary fire access did not arise from Plaintiff's proposed subdivision but from a preexisting condition that the City itself determined already existed before Plaintiff filed the Sunny

COMPLAINT - 7
KINL05-000001 – 9028185.2

Breeze application. Nevertheless, through Condition 53, the City required Plaintiff alone to bear the full burden of remedying that preexisting unsafe condition.

27. Kine is unable to solve the "existing" safety hazard on Sunny Breeze Lane because the only possible route for a secondary fire access road serving the Sunny Breeze subdivision passes through property owned by the Central Oregon Irrigation District.  All other possible routes for a second fire access road loop back to Sunny Breeze Lane, which according to the City's position stall leaves Sunny Breeze Lane with only a single fire access road serving more than 30 lots to access the public street grid.

28. Plaintiff has requested an easement for secondary fire access from the Central Oregon Irrigation District, but the Central Oregon Irrigation District has refused to grant an easement.

29. Plaintiff has no legal authority to compel the Central Oregon Irrigation District or any other unwilling property owner to convey an easement. Because Oregon law grants eminent domain authority to governmental entities rather than private developers, Plaintiff cannot legally satisfy Condition 53 absent action by the City.

30. The City has the power of eminent domain.  Kine and his attorneys have repeatedly requested that the City address the "existing" safety hazard on Sunny Breeze Lane by exercising the power of eminent domain to condemn an easement for a secondary fire access road to Sunny Breeze Lane.  The City has refused asserting in a May 28, 2026, email from Senior Assistant City Attorney Elizabeth Oshel that "To date, we are not aware of when the City has considered condemnation to support private development outside of annexation or in relation to a statutory development agreement."

31. Contrary to Ms. Oshel's May 28, 2026 assertion that the City has not "considered condemnation to support private development outside of annexation or in relation to a statutory development agreement," the City has in fact agreed to exercise condemnation to support Yonan's private development in the Non-Statutory Development Agreement the City

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

entered with Yonan, wherein the City agreed to exercise condemnation to acquire an easement from Kine to benefit Yonan and the City further committed $100,000 in taxpayer resources towards the condemnation.

32. Acquisition of a secondary emergency access would primarily benefit the existing residents already served by Sunny Breeze Lane by remedying the public safety deficiency identified by the City. The City approved the existing pattern of development along Sunny Breeze Lane over many years and later determined, following its revised interpretation of Oregon Fire Code Section D107, that the existing development pattern constitutes a public safety deficiency. Accordingly, the need for secondary emergency access arises from a preexisting condition rather than from the impacts of Plaintiff's proposed subdivision. The benefit to Plaintiff's proposed subdivision is incidental to the much broader public benefit of correcting that preexisting public safety condition.

33. The City has never identified any evidence demonstrating that Plaintiff's proposed forty-two-lot subdivision, by itself, would require condemnation of an off-site easement for secondary emergency access. Rather, the City repeatedly found that the need for the additional access arises because approximately 36 to 85 existing residences are already served by a single access road that, under the City's current interpretation of Oregon Fire Code Section D107, constitutes an existing public safety deficiency. Nevertheless, the City required Plaintiff alone to remedy that preexisting condition through Condition 53.

34. On May 28, 2026, Kine requested the same treatment as Yonan in an email sent to the Mayor, each of the City Councilors, Staff and Ms. Oshel.  Mr. Kine specifically requested "that the City of Bend consider entering into a non-statutory development agreement with our project in a manner substantially similar to the agreement previously approved between the City and the Peter Yonan Trust relating to the Bachelor View II subdivision and SW Carolyn's Place access."

35. The City has declined that request.

COMPLAINT - 9
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

36. As a direct result of the City's actions, Kine has suffered substantial damages, including but not limited to loss of profits associated with the Sunny Breeze project, impairment of Kine's contractual rights in the property, opportunity costs, and increased development costs, including engineering, planning, traffic engineering, environmental, legal, consultant, financing, and carrying costs, the amount of which will be proven at trial in an amount not less than $4,800,000.

## FIRST CLAIM FOR RELIEF

(Violation of 42 USC §1983 – Fourteenth Amendment – Equal Protection)

37. Plaintiff realleges and incorporates by reference all those allegations set forth above as though fully set forth herein.

38. Plaintiff brings a claim for violation of civil rights under 42 USC §1983.

39. Defendants treated Plaintiff Larry Kine differently from other similarly situated land owners and developers in violation of the equal protection guaranteed by the Fourteenth Amendment to the United States Constitution by approving the Non-Statutory Development Agreement with Yonan to exercise eminent domain to condemn an access for Yonan but refusing to do so for Kine to remedy an existing fire safety hazard for up to 85 dwellings on Sunny Breeze Lane that are unsprinklered and have only a single fire access road.

40. The City's refusal to approve a Non-Statutory Development Agreement for Kine to condemn a second fire access to Sunny Breeze Lane is irrational and arbitrary. There is no rational basis for the difference in treatment between Yonan and Kine with respect to approving a Non-Statutory Development Agreement to exercise eminent domain to condemn an access.

41. Further, the City's actions appear to have been motivated by animosity, ill will, or vindictiveness against Plaintiff resulting from Plaintiff's refusal to comply with demands made by Staff and City Council in the land use permitting process, including but not limited to successfully asserting exemptions to Section D107 in the Bachelor View I and Bachelor

COMPLAINT - 10
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

View II subdivision approvals and refusing to sign a development agreement that included a last minute condition requiring Kine to grant Yonan an easement.

42. At all material times, Defendant has acted under color of law.

43. Plaintiff has been damaged by this unconstitutional treatment in an amount of not less than $4,800,000.

44. Plaintiff was caused to employ attorneys and likely will be caused to employ expert witnesses to protect its interests and is entitled to recovery of reasonable attorney fees and expert witness fees incurred herein pursuant to 42 USC §1988.

**SECOND CLAIM FOR RELIEF**

(Violation of 42 USC §1983 – Fourteenth Amendment –

Substantive Due Process)

45. Plaintiff realleges and incorporates by reference all those allegations set forth above as though fully set forth herein.

46. Plaintiff brings a claim for violation of civil rights under 42 USC §1983.

47. At all material times, Defendant has acted under color of law.

48. Plaintiff has a property right in the preliminary plat application for the Sunny Breeze subdivision.

49. Condition 53 does not substantially advance any legitimate governmental objective because it requires Plaintiff to accomplish something the City knows Plaintiff has no legal authority to accomplish. Plaintiff has no legal authority to compel the acquisition of an off-site easement from an unwilling property owner, and under Oregon law only a governmental entity exercising its power of eminent domain may acquire such property rights without the owner's consent. The City therefore conditioned approval on Plaintiff obtaining property rights that only the City has the legal authority to acquire, while simultaneously refusing to exercise that authority, despite previously agreeing to exercise the same condemnation authority to facilitate another private development in virtually identical

COMPLAINT - 11
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

situation. Imposing a condition that the City knows Plaintiff has no legal ability to satisfy is arbitrary, irrational, and fundamentally unfair.

50. Plaintiff has been damaged by this unconstitutional treatment in an amount of not less than $4,800,000.

51. Plaintiff was caused to employ attorneys and likely will be caused to employ expert witnesses to protect its interests and is entitled to recovery of reasonable attorney fees and expert witness fees incurred herein pursuant to 42 USC §1988.

### THIRD CLAIM FOR RELIEF

(Violation of 42 USC §1983 – Fifth and Fourteenth Amendment –

Inverse Condemnation – Unconstitutional Conditions)

52. Plaintiff realleges and incorporates by reference all those allegations set forth above as though fully set forth herein.

53. Plaintiff brings a claim for violation of civil rights under 42 USC §1983.

54. At all material times, Defendant has acted under color of law.

55. Condition 53 requires Plaintiff to obtain an off-site easement to provide secondary fire access to benefit the public, including other property owners and residents along Sunny Breeze Lane. This off-site easement is a valuable real property right protected by the Fifth and Fourteenth Amendments that the City has demanded for public use in Condition 53 of the Sunny Breeze subdivision.

56. The City cannot demonstrate the essential nexus and rough proportionality required by the Fifth Amendment. The City's own findings establish that the need for secondary emergency access results primarily from dozens of existing unsprinklered homes already located along Sunny Breeze Lane before Plaintiff's application was submitted. Requiring Plaintiff alone to obtain off-site property rights necessary to correct this preexisting public deficiency improperly shifts the cost of remedying an existing governmental infrastructure problem to a single landowner. Condition 53 constitutes an

COMPLAINT - 12
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

unconstitutional condition and a taking of property without payment therefore in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

57. Defendants violated Plaintiff's federal civil rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, as alleged herein. Kine is entitled to just compensation.

58. Plaintiff was caused to employ attorneys and likely will be caused to employ expert witnesses to protect its interests and is entitled to recovery of reasonable attorney fees and expert witness fees incurred herein pursuant to 42 USC §1988.

**JURY DEMAND**

Plaintiff hereby demands his claims be tried before a jury of twelve.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT - 13
KINL05-000001 – 9028185.2

LANDERHOLM, P.S.
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.    On Plaintiff's First and Second Claims for Relief against Defendant City of Bend, for damages in the amount of not less than $4,800,000, plus interest thereon at the legal rate from the date of the judgment until paid;

2.    On Plaintiff's Third Claim for relief against Defendant City of Bend for just compensation, plus interest thereon at the legal rate from the date of the judgment until paid.

3.    All of Plaintiff's costs and disbursements incurred;

4.    All of Plaintiff's reasonable attorney fees and expert fees; and

5.    Any other relief that is just and equitable.

DATED this 27th day of July, 2026.

LANDERHOLM, P.S.

*/s/ Steve C. Morasch*
STEVE C. MORASCH, OSB No. 924084
E-mail:  stevem@landerholm.com
Landerholm, P.S.
805 Broadway Street, Suite 1000
Vancouver, WA  98660
Telephone:  (360) 696-3312
Fax:  (360) 696-2122
*Attorney for Plaintiff Larry Kine*

COMPLAINT - 14
KINL05-000001 – 9028185.2